UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARAH R.,[1]

                     Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

DECISION & ORDER

12-CV-6690MWP

## PRELIMINARY STATEMENT

Plaintiff Sarah R. ("plaintiff"), proceeding *pro se*, moves for an order vacating the judgment dismissing her complaint with prejudice. (Docket ## 25, 26). For the reasons set forth below, plaintiff's motion to vacate is denied.

## BACKGROUND

This action was commenced approximately nine years ago when plaintiff filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff's application for Disability Insurance Benefits, dated November 14, 2012. (Docket # 1). Throughout the proceedings plaintiff was represented by Kenneth R. Hiller, Esq., of the Law Offices of Kenneth Hiller, PPLC. (Docket # 1 at 2). By Decision and Order dated August 22, 2014, this Court affirmed the Commissioner's decision and

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

dismissed plaintiff's claim with prejudice. (Docket # 24 at 35). Judgment was entered against plaintiff on August 25, 2014. (Docket # 25).

Hiller mailed plaintiff a letter dated October 16, 2014, enclosing the Court's Decision and Order, which plaintiff claims to have received on October 20, 2014.[2] (Docket # 26 at 6). The letter informed plaintiff that Hiller would not "be in a position to appeal th[e] decision, nor take any other action on [her] behalf to attempt to obtain Social Security benefits for [her]." (*Id.* at 18). The letter instructed plaintiff that the deadline for any appeal of the judgment was October 24, 2014. (*Id.*). The letter further warned plaintiff that "[i]f you do not file an appeal in accordance with appropriate rules and procedures on or before that date, you will have waived your right to appeal." (*Id.*). The letter concluded by reiterating that Hiller would "not be appealing [plaintiff's] case or taking any further action on [her] behalf to assist [her] in obtaining Social Security Benefits." (*Id.*).

After receiving the letter, plaintiff maintains that she requested that Hiller file an appeal in her case, but that she received no response to the request. (Docket ## 26 at 3; 32 at 2). It is not clear from the record how or when plaintiff communicated her request to Hiller, although she states that she telephoned his office. (Docket # 32 at 2). The record does not establish whether plaintiff ever spoke to Hiller or anyone else in his office at that time. (*Id.*). Plaintiff did not take any steps to request an extension of the deadline for filing an appeal, nor did she file an appeal with the Second Circuit. Instead, according to plaintiff, she assumed that Hiller had filed an appeal on her behalf. (*Id.* at 3).

---

[2] Plaintiff initially suggested that she did not receive the letter from her former counsel until after the time to appeal had expired. (Docket # 26 at 3, 11). Plaintiff subsequently conceded that she received the letter on October 20, 2014. (*Id.* at 6). A copy of the envelope containing the letter, which plaintiff attached to her motion, appears to be postmarked either October 16 or 18, 2014. (*Id.* at 13).

According to plaintiff, her belief that Hiller had filed a notice of appeal on her behalf was reasonable because advertisements on his firm's website reference the appeal process. (*Id.* at 8-9). For example, plaintiff points to statements on the firm website promising to "guide clients through each step of pursuing Social Security claims, including . . . administrative appeals of initially denied claims, and federal district court appeals." (*Id.* at 15) Other advertisements cited by plaintiff allegedly include language representing that the firm is "prepared to represent [its clients] throughout the process for as long as it takes to make sure [they] obtain the benefits [they] deserve. . . . [and is] fully prepared to appeal [their] clients' cases in federal court if necessary." (*Id.* at 8-9).

The record suggests that plaintiff took no additional action with respect to this case for the next five years after receiving Hiller's letter and telephoning his office in 2014. During that time, according to plaintiff, she suffered three heart attacks and other unspecified health problems. (Docket # 26 at 3). By letter dated August 27, 2019, plaintiff requested that the Clerk of Court for the Second Circuit Court of Appeals inform her of the status of her appeal. (Docket # 26 at 11). By letter dated September 5, 2019, the Second Circuit returned plaintiff's letter and advised her that no further action would be taken unless she was able to demonstrate that she had an appeal or proceeding pending before the Court. (Docket # 26 at 12).

Almost six years after judgment was entered in this matter, and approximately one year after receiving notice from the Second Circuit that an appeal had not been filed, on July 21, 2020, plaintiff filed the pending motion requesting that this Court vacate and reenter its August 14, 2014 judgment in order to reinitiate her time to appeal. (Docket # 26).

By letter dated August 11, 2020, the Commissioner indicated that she did not take any position with respect to the pending motion. (Docket # 29). Hiller has filed two

submissions stating that he no longer represents plaintiff and that, due to confidentiality and privilege concerns, he did not intend to respond to plaintiff's allegations absent a Court order or a privilege waiver executed by plaintiff.[3]  (Docket ## 28, 33).

## DISCUSSION

In civil cases in which the United States is a party, a notice of appeal must be filed by any party within 60 days after entry of the judgment or order as to which review is sought. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).  In this case, the 60-day period for appeal expired on October 24, 2014.  Plaintiff does not dispute that her appeal was not filed within the period set forth in Rule 4(a) of the Federal Rules of Appellate Procedure, but asks the Court to vacate its judgment pursuant to Rule 60(b)(6)[4] of the Federal Rules of Civil Procedure on

---

[3]  Plaintiff objects to Hiller's submissions on the grounds that he did not provide her with notice of filing or a copy of the submission, although he filed them on the Court's electronic filing system.  (Docket # 35).  I agree with plaintiff that Hiller should have provided her copies of the submissions at the time of their filing and direct that any further filings in this matter be provided to plaintiff in hard copy by mail to her address of record.

[4]  Although plaintiff initially sought relief pursuant to Rules 12(b), 41(b) and 60(b) of the Federal Rules of Civil Procedure, she subsequently clarified that she was seeking relief pursuant to Rules 60(b)(1) and (6).  (Docket ## 26 at 1; 31 at 5-6; 32 at 2).  In any event, neither Rule 12 nor Rule 41(b) are applicable to the pending motion.  Rule 60(b) offers six grounds for relief, including:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a voided judgment; (5) the judgment being satisfied or discharged; or (6) any other reason that justifies relief.

*Adger v. Bradley*, 2019 WL 2163050, *1 (W.D.N.Y. 2019).  At first blush, only 60(b)(1) and 60(b)(6) appear potentially applicable to the instant motion.  Relief under Rule 60(b)(1), however, is only available where the motion is made within one year of the judgment, order, or proceeding from which relief is sought.  *See* Fed. R. Civ. P 60(c)(1).  Moreover, to the extent her motion seeks relief based upon mistake, inadvertence, or neglect, plaintiff would be foreclosed from pursuing relief under Rule 60(b)(6).  *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("[o]f particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)[;] . . . [w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed").  Indeed, where the asserted basis for relief under Rule 60(b) is an attorney's incompetence or neglect, "the motion more properly arises under Rule 60(b)(1)."  *Hill v. World Class Auto. Corp.*, 2008 WL 4809445, *3 (E.D.N.Y. 2008).  For purposes of this decision, however, the Court will assume that plaintiff may seek relief pursuant to Rule 60(b)(6) because the other grounds listed in Rule 60(b) are either inapplicable or time barred.

4

equitable grounds in light of circumstances that allegedly prevented her from timely filing a notice of appeal. In portions of her submissions, plaintiff suggests that she lacked notice of this Court's judgment prior to the expiration of the deadline for appeal; (Docket ## 26 at 3; 32 at 2) in other portions, she argues that her failure to timely file a notice of appeal should be excused because Hiller abandoned his representation of her (Docket ## 26 at 3, 6; 32 at 2).

It is well-settled that, because the time limitations set forth in Rule 4(a)(1) of the Federal Rules of Appellate Procedure derive from a federal statute, "'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement,' which cannot be waived." *Pearson Educ., Inc. v. Arora*, 438 F. App'x 34, 36 (2d Cir. 2011) (summary order) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)); *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (per curiam) ("[c]ompliance with Rule 4(a) is mandatory and jurisdictional[;] . . . [i]f no notice of appeal is filed before the deadline provided by Rule 4(a)(1) (or a new deadline set pursuant to Rule 4(a)(5) or (6)), this Court lacks jurisdiction to hear the appeal"). The Federal Rules of Appellate Procedure nonetheless provide "an avenue of recourse for litigants who fail to file timely notices of appeal because they did not receive notice of entry of judgment." *Otero v. Eisenschmidt*, 2006 WL 1321469, *1 (S.D.N.Y. 2006) (citing Fed. R. App. P. 4(a)(6)); *see also* 28 U.S.C. § 2107(c). Specifically, Federal Rule of Appellate Procedure Rule 4(a)(6) was amended in 1991 to "explicitly provide[] additional time to appeal for a party who belatedly learns of entry of judgment or order." *Pena v. United States*, 334 F. Supp. 3d 578, 580-81 (S.D.N.Y. 2018), *cert. denied*, 140 S. Ct. 173 (2019). The purpose of the amended rule is to afford litigants who fail to receive timely notice of a judgment "an outer limit of 180 days . . . to seek additional time to appeal." *Gibson v. Artus*, 2010 WL 517592, *2 (S.D.N.Y. 2010) (quoting Fed. R. App. P. 4(a)(6) advisory committee's note).

"While Rule 60(b)(6) had been used to grant relief when a party did not receive notice of a judgment or order in time to file an appeal, . . . [i]n light of the amendment, most courts have held that it is no longer appropriate to use Rule 60(b) as a means of extending the time to appeal in lack-of-notice cases." *Pena v. United States*, 334 F. Supp. 3d at 580-81. Because plaintiff's pending motion was made well outside the 180-day outer limit set forth in Federal Rule of Appellate Procedure 4(a)(6), I find that relief pursuant to Federal Rule of Civil Procedure 60(b) "is not available to restore [plaintiff's] appeal rights" based upon her alleged lack of notice. *See id.* at 581 (quoting *Washington v. Ryan*, 833 F.3d 1087, 1093 (9th Cir. 2016)); *see also King v. People of the State of New York*, 2016 WL 1056566, *2-3 & n.3 (E.D.N.Y. 2016) (denying Rule 60(b) relief; "failure to receive notice of an order or judgment does not constitute grounds to reopen the time to file an appeal when that motion is not filed within 180 days of entry of the order or judgment"); *Gibson v. Artus*, 2010 WL 517592 at *2 ("[a]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances[;] . . . [and] [Rule] 60(b) [of the Federal Rules of Civil Procedure] cannot be used to circumvent the 180-day limitation set forth in [Federal Rules of Appellate Procedure] 4(a)(6)) (quoting Fed. R. App. P. 4(a)(6) advisory committee's note and *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002)); *Mora v. United States*, 2007 WL 1825395, *1 n.2 (E.D.N.Y. 2007) ("Rule 60(b) may not be used to circumvent the time limits for appeals under Federal Rule of Appellate Procedure 4(a)"), *aff'd*, 323 F. App'x 18 (2d Cir. 2009) (summary order); *Ishay v. City of New York*, 178 F. Supp. 2d 314, 317 (E.D.N.Y. 2001) ("Rule 60(b) is not an appropriate procedural mechanism to re-file a substantively identical order for the purpose of allowing a party to circumvent the time requirements of Fed. R. App. P. 4(a)").

Nor may Rule 60(b) be resorted to in cases like this that involve alleged neglect or abandonment by an attorney of his client. *See Otero v. Eisenschmidt*, 2006 WL 1321469 at *2 ("[t]he cases in this Circuit which have considered such motions to reopen adhere to this strict limitation; whether the fault lies with the party's attorney or whether the party is *pro se*, the courts provide no leeway to this 180-day limit"); *Gibbs v. Admin. For Children's Servs.*, 2005 WL 2281720, *2 (E.D.N.Y. 2005) (denying request to vacate and reenter judgment in order to restart time to appeal where plaintiff's attorney misrepresented status of case after judgment had been entered, resigned from the Bar for disciplinary reasons, and closed his office leaving no forwarding address or telephone number). Even if this were to Court conclude, as have some courts, that Rule 60(b) may permit vacatur and reentry of judgment in limited circumstances in order to revive a litigant's time to appeal, *see, e.g.*, *Washington v. Ryan*, 833 F.3d at 1102 (directing district court to vacate and reenter its judgment denying federal habeas petition in order to permit plaintiff to appeal where his attorneys filed the notice of appeal one day late and the clerk failed to promptly send the notice to the appellate clerk until after the time within which to seek an extension had expired); *Foley v. Biter*, 793 F.3d 998, 1003 (9th Cir. 2015) (attorney's failure to respond to plaintiff's written inquiries or to notify plaintiff of judgment denying habeas petition constituted attorney abandonment sufficient to establish extraordinary circumstances justifying equitable relief pursuant to Rule 60(b)); *Tanner v. Yukins*, 776 F.3d 434, 442 (6th Cir. 2015) (Rule 60(b) may be used to revive right to appeal where plaintiff was prevented by prison guards from timely filing appeal of judgment denying habeas petition); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) ("when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court may grant

7

relief pursuant to Rule 60(b)(6)"), *but see Abraham v. United States*, 833 F. App'x 822, 824 (11th Cir. 2020) ("[b]ecause the statutory time limit for filing a notice of appeal is jurisdictional, we have no authority to create an equitable exception to that requirement[;] . . . our prior precedent generally prohibits granting relief under Rule 60(b) solely for the purpose of reentering the judgment and restarting the time to appeal"), *cert. dismissed*, 141 S. Ct. 2885 (2021); *Perez v. Stephens*, 745 F.3d 174, 181 (5th Cir.) ("[w]e conclude under Supreme Court and our precedents that the district court lacked the power to circumvent the rules [through Rule 60(b)] for timely appeals") *cert. denied*, 574 U.S. 958 (2014), plaintiff has not demonstrated the extraordinary circumstances and diligence necessary to support the grant of such relief.

"[Because] Rule 60(b) allows extraordinary judicial relief, it [may be] invoked only upon a showing of exceptional circumstances." *Griggs v. Schmauss*, 2018 WL 2389100, *1 (W.D.N.Y. 2018); *see also Adger v. Bradley*, 2019 WL 2163050 at *1 ("[s]uch a motion is generally not favored and is properly granted only upon a showing of exceptional circumstances") (internal quotation marks omitted) (quoting *Kroemer v. Tantillo*, 758 F. App'x 84, 87 (2d Cir. 2018) (summary order)); *Byrd v. NYS Fingerlakes Developmental Disabilities Servs. O.P.W.D.D.*, 2019 WL 2613193, *2 (W.D.N.Y. 2019) ("[Rule 60(b)(6) relief] is justifiable only where the movant shows 'exceptional circumstances [or] extreme hardship.'") (quoting *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 388 (E.D.N.Y. 1998) (alteration original). "The Second Circuit has 'consistently indicated a reluctance' to 'accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6).'" *Webb v. City of New York*, 2010 WL 3394537, *4 (E.D.N.Y. 2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). Accordingly, it is well-settled "in the Second Circuit that an attorney's gross negligence alone is not a basis for relief under Rule

8

60(b)(6)"; rather, relief has been afforded only in rare cases involving "'failures . . . so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance.'" *FirstStorm Partners 2, LLC v. Vassel*, 2013 WL 654396, *16 (E.D.N.Y. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)).

As an initial matter, the record does not support the notion that Hiller abandoned plaintiff. Rather, it reflects that he notified her – prior to the time within which her time to appeal expired – that he would not be filing an appeal on her behalf. Although providing notice earlier within the sixty-day period would have been the better practice,[5] the record nonetheless demonstrates that plaintiff was notified of the judgment prior to expiration of her time to appeal, in time to seek any desired extension from the Court in order to permit her either to obtain new counsel or to file a notice of appeal *pro se*. *See* Fed. R. Civ. P. 4(a)(5) and (6). Moreover, motions pursuant to Rule 60(b)(6) must be made within a reasonable time, considering the circumstances of the case and balancing "the interest in finality with the reasons for the delay." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quotation omitted), *cert. denied*, 549 U.S. 1114 (2007). Extraordinary circumstances "typically do not exist where the applicant fails to move for relief promptly." *Id.* (internal quotations omitted).

Plaintiff places substantial reliance on *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977), a case which is materially distinguishable from the facts of this case. (Docket # 31 at 6; 32 at 2). In *Cirami*, which predates the 1991 amendments to Rule 4 of the Federal Rules of

---

[5] As noted above, citing attorney-client privilege and client-confidentiality concerns, Hiller has not provided his account of the communications between plaintiff and himself or his staff. (Docket ## 28, 33). Because the facts asserted by plaintiff, even if true, do not warrant granting the relief that she seeks, the Court has accepted the representations made by plaintiff. *See United States v. Cirami*, 563 F.2d 26, 28 (2d Cir. 1977) ("[f]or the purposes of this motion, we take the facts to be as the [appellants] allege [and] . . . determine whether these allegations, if proved, would justify relief").

Appellate Procedure, the defendants' attorney suffered from a mental illness and failed to inform the defendants of the pendency of a summary judgment motion or the fact that it had been granted, resulting in entry of judgment against them. *United States v. Cirami*, 563 F.2d at 34-35. Here, by contrast, Hiller provided plaintiff with notice of the judgment and informed her that he would not be filing an appeal.[6]  Moreover, unlike this case, the record in *Cirami* demonstrated that the parties had made repeated and diligent efforts to contact the attorney in order to determine the status of their case. *Id*.  In this case, even assuming that plaintiff believed that Hiller had filed a notice of appeal on her behalf notwithstanding his letter to the contrary, the record reveals no efforts by her to ascertain the status of her case between one alleged phone call to Hiller's office in 2014 and one letter to the Second Circuit in 2019. *See*, *e.g.*, *Porter ex rel. R.B. v. City of New York*, 380 F. App'x 73, 74 (2d Cir. 2010) (summary order) ("it is the duty of the litigant to monitor the docket and determine when the district court has filed an order to which he wishes to object[;] . . . under Rule 60(b) an applicant must go beyond the requirement of excusable neglect and show that he made diligent but unsuccessful efforts to determine the status of the case"); *Harper v. N.Y.C. Transit Auth.*, 2021 WL 197225, *3 (S.D.N.Y. 2021) ("the fact that [plaintiff] waited a year without contacting his attorney regarding the status of his case demonstrates that he did not exercise the kind of 'diligent efforts' required for a court to entertain a Rule 60 motion based on an attorney's negligence").  In addition, after learning from the Second Circuit in August 2019 that an appeal had never been filed, plaintiff delayed almost another year before filing the pending motion.  She has offered no reason to justify that delay. *See Marquez v. Perlman*, 2012 WL 2895018, *3 (S.D.N.Y. 2012) ("[e]ven if [plaintiff] would

---

[6] Plaintiff maintains that Hiller's conduct was inappropriate because he did not file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *Anders* briefs need not be filed in civil cases, however.  *See White v. Ballard*, 2014 WL 4851979, *1 n.1 (S.D. W. Va. 2014); *Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly*, 589 F. Supp. 1330, 1339 (E.D. Pa. 1984), *aff'd*, 845 F.2d 1014 (3d Cir. 1988).

have had some reason for a nearly two-year delay in filing the instant motion (for the time period from entry of judgment until he received copies of his case files . . .), he has presented no reason for the subsequent 18-month delay before he actually filed[;] . . . [t]he Second Circuit has found similar periods of time unreasonable"); *Harper v. N.Y.C. Transit Auth.*, 2021 WL 197225 at *3 ("while Rule 60(b)(6) motions are not subject to a one-year limitations period, the twenty-nine-month delay between this [c]ourt's dismissal of [plaintiff's] case and the filing of his motion to reopen does not satisfy Rule 60(c)'s 'reasonable time' requirement") (collecting cases). Although plaintiff conclusorily asserts that she suffered from ill health after the 2014 judgment, including several heart attacks, she has provided no specific facts demonstrating that her health prevented her from complying with the applicable deadlines, obtaining an extension, or obtaining new counsel to assist her. On this record, I find that plaintiff has not established extraordinary circumstances necessary to excuse the very substantial lapse of time between entry of the judgment and filing of the pending motion. *See*, *e.g.*, *Saunders v. Goord*, 2007 WL 1434974, *2 (S.D.N.Y. 2007) ("[t]o the extent that the plaintiff alleges that he was unaware of the status of his case because of failures on the part of his counsel, any failing by his attorney cannot excuse a failure to appeal for over four and a half years"); *Otero*, 2006 WL 1321469 at *2 n.1 ("even if the Court had the discretion to vacate and reenter judgment (which it does not), the additional eight month delay between when [plaintiff] learned of the judgment and when he sought judicial relief would cause the Court to decline to exercise such discretion for [plaintiff]").

## CONCLUSION

Accordingly, plaintiff's Motion to Vacate Judgment **(Docket # 26)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 14, 2021